UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY DARNELL DUNOMES,

                Plaintiff,

v.

EDWARD L. KELLY, et al.,

                Defendants.

CASE NO. C12-5820 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

    This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable J. Richard Creatura , United States Magistrate Judge (Dkt. 7), and

Plaintiff's objections to the R&R (Dkt. 8).

## I.     PROCEDURAL & FACTUAL BACKGROUND

    On September 9, 2012, Darnell Dunomes ("Dunomes") filed a complaint alleging

violation of his constitutional rights under 42 U.S.C. § 1983 and seeking to proceed in

forma pauperis ("IFP"). Dkts. 1 & 1-1.  On November 22, 2012, Judge Creatura issued an

R&R recommending that the Court deny Dunomes's motion to proceed IFP and dismiss

the action without prejudice because Dunomes cannot collaterally challenge his

conviction and sentence in a civil rights action.  Dkt. 7 at 1.

ORDER - 1

1       In the R&R, Judge Creatura correctly observes that Dunomes filed four civil rights

2 actions on the same date. Dkt. 7 at 1. The cases are sequentially numbered from 12-5820

3 through 12-5823. *Id*. at 1-2. In each case, Dunomes is challenging some aspect of his

4 criminal trial that resulted in the conviction and sentence he is now serving. *Id*. In all

5 four cases, Dunomes alleges that he has no funds and is mentally impaired. Dkt. 1.

6 Because Judge Creatura determined that the sole remedy for Dunomes's challenges to his

7 trial, conviction and sentence is through a writ of habeas corpus, granting him IFP in this

8 case, or any of the other cases, would oblige Dunomes to pay back three hundred and

9 fifty dollars. Dkt. 7 at 2-3. Judge Creatura concludes this would be a harsh result where

10 the plaintiff may not proceed with the actions, and they must be dismissed without

11 prejudice. *Id*. at 3.

12                      **II.     DISCUSSION**

13       The district judge must determine de novo any part of the magistrate judge's

14 disposition that has been properly objected to. The district judge may accept, reject, or

15 modify the recommended disposition; receive further evidence; or return the matter to the

16 magistrate judge with instructions.

17       The United States Supreme Court held that "[e]ven a prisoner who has fully

18 exhausted available state remedies has no cause of action under § 1983 unless and until

19 the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of

20 a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court

21 added:

22

ORDER - 2

1

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

2

3

4   *Id*. at 489.  "

5

> [T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983.

6

7

8

*Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*,

9

520 U.S. 641 (1997)).

10

In the instant case, Dunomes is attempting to undermine the validity of his

11

conviction and sentence through a civil rights action.  In Dunomes's objections, he insists

12

that he and every other person have the right to challenge civil rights violations against

13

them pursuant to 42 U.S.C. § 1983.  Dkt. 8 at 2.  However, as Judge Creatura found,

14

Dunomes's sole remedy is via a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S.

15

475, 500 (1973) (if a plaintiff challenges the very fact of his conviction or duration of his

16

physical imprisonment, and the relief sought will determine whether plaintiff is or was

17

entitled to immediate release or a speedier release from that imprisonment, plaintiff's sole

18

remedy is a writ of habeas corpus).

19

To grant Dunomes IFP in a case where the action must be dismissed would oblige

20

him to pay back three hundred and fifty dollars for a lawsuit that Dunomes may pursue

21

22

ORDER - 3

1    only once his sentence or conviction has been invalidated, would be harsh as well as

2    pointless.

### III.    ORDER

4         The Court having considered the R&R, Plaintiff's objections, and the remaining

5    record, does hereby find and order as follows:

6         (1)    The R&R is **ADOPTED**; and

7         (2)    This action is **DISMISSED without prejudice**.

8         Dated this 17th day of December, 2012.

9

10

        BENJAMIN H. SETTLE
        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4